**John MOORE, Don Moore, Carolyn Moore, Plaintiffs–Appellants,**

v.

**UNITED STATES POSTAL SERVICE, John Phelan, Defendants– Appellees.**

No. 05–1075.

United States Court of Appeals, Second Circuit.

Dec. 14, 2005.

John Moore, Don Moore, and Carolyn Moore, Jordan, New York, for the Appellants, pro se.

Glenn Suddaby, United States Attorney for the Northern District of New York, Syracuse, New York, for the Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. BARRINGTON D. PARKER, and Hon. RICHARD D. CUDAHY,* Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants John Moore, Carolyn Moore, and Don Moore (collectively, "the Moores"), *pro se,* appeal from the judgment of the United States District Court for the Northern District of New York (Munson, *J.*), granting summary judgment in favor of John Phelan, a post office official, and the United States Postal Service ("USPS"). The court dismissed the Moores' amended complaint brought under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We assume familiarity with the facts, the procedural history, and the specific issues on appeal.

This Court reviews an order granting summary judgment de novo, asking whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. See *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

We have carefully considered the Moores' arguments on appeal and conclude

---

* The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

that they are without merit. With respect to their claim that they were denied due process because their post office box was terminated without a hearing, it is well settled that, in order to claim a constitutionally-protected property right, a plaintiff "must ... have a legitimate claim of entitlement." *Dun & Bradstreet Corp. Found. v. USPS*, 946 F.2d 189, 193 (2d Cir.1991) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). "An entitlement to a benefit arises 'only when the discretion of the issuing agency is so narrowly circumscribed' as to virtually assure conferral of the benefit." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir.1994) (quoting *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir.1989)). Because the Domestic Mail Manual ("DMM") § 4.9.2 (formerly DMM § D910.8.2) provides the postmaster with wide discretion to terminate a post office box rental if a box customer or representative engages in, *inter alia*, threatening behavior, no property interest arises in this context. In any event, although the Moores claim that they did not receive a "hearing," they do not deny that they had the opportunity to appeal the initial termination decision to an ALJ, and then to a USPS judicial officer, which provided adequate opportunity to challenge the termination for purposes of the Due Process Clause.

■ In relation to the order prohibiting Don Moore from entering the Jordan Post Office, the Supreme Court has held that "[t]he existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 44, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983). An independent review of the rec-

ord indicates that the Jordan Post Office is most accurately characterized as a "non-public" forum, a location that the "government has not opened for expressive activity by members of the public." *See Hotel Employees & Rest. Employees Union v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 546 (2d Cir.2002). Since "the First Amendment does not guarantee access to property simply because it is owned or controlled by the government," *USPS v. Council of Greenburgh Civic Ass'ns*, 453 U.S. 114, 129, 101 S.Ct. 2676, 69 L.Ed.2d 517 (1981), and the "no entry" order was based upon Don Moore's disruptive behavior—not because of the content or viewpoint of Don Moore's speech or expressive activities—the order limiting Don Moore's access to that non-public forum was a reasonable restriction. *See Vukadinovich v. Bd. of Sch. Trustees of the Michigan City Area Sch.*, 978 F.2d 403, 409 (7th Cir.1992) (holding that because "[m]embers of the public have no constitutional right of access to public schools ... [the plaintiff's] First Amendment rights [were not violated] by restricting his access"). Since Don Moore's First Amendment rights have not been violated by being prohibited from entering the Jordan Post Office, the Moores' claim that Don Moore's due process rights have been violated by the "no entry" order also fails. *See N.Y. State N.O.W. v. Pataki*, 261 F.3d 156, 173 (2d Cir.2001) (holding that "[b]ecause no constitutional violation has been shown, the plaintiffs' procedural due process claims are dismissed").

■ The Moores also contend that the district court erred by applying § 1983 too narrowly. However, "[t]his court has long construed the phrase 'under color of state law' ... to apply only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir.2005). An independent review of the record indicates that

the Moores do not allege any action "under color of state law" undertaken by the USPS or Phelan. Therefore, the district court properly concluded that the Moores' claims under § 1983 must be dismissed. In any event, this Court has considered the merits of the Moores' claims and find them to be without merit.

■ While the Moores appear to be raising a claim that Don Moore's constitutional rights were violated by being required to undergo psychiatric care and medication, this claim was not asserted below. Since this Court does not have a developed record with regard to the issue of Don Moore's psychiatric care and medication, and there is no indication that "manifest injustice" would result if the merits of this issue are not reached, this Court declines to exercise its discretion to reach that issue. *See Krumme v. West-Point Stevens, Inc.,* 238 F.3d 133, 142 (2d Cir.2000) (finding that this Court generally does not consider a claim not raised below unless there is no need for additional fact-finding or the issue must be considered to avoid manifest injustice).

To the extent that the Moores seek to raise other issues on appeal (such as issues relating to the false arrests or employment claims), this Court deems them waived because the Moores' brief does not contain the "appellant's contentions and the reasons for them" with regard to these issues. Federal Rule of Appellate Procedure 28(a)(6); *see United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir.1991) (finding that "perfunctory and undeveloped arguments ... are waived (even where those arguments raise constitutional issues)"). Further, the Moores' allegation that the district court "presumed Don Moore's guilt" is without merit since there is no

indication in the record that the district court held any bias or presumption against any of the Moores.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.